**Mohamed Ahmed OMER, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70920.
Agency No. A76–380–547.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 1, 2004.*

Decided Sept. 20, 2004.

Madhu Sharma, Esq., The Law Offices of Steven R. Landaal, Santa Monica, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Patricia A. Smith, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before REINHARDT, TASHIMA, and WARDLAW, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Mohamed Ahmed Omer, a native and citizen of Ethiopia, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of asylum and withholding of removal because of the IJ's adverse credibility determination. As the BIA summarily affirmed the decision of the IJ, we review that decision as if it were the BIA's. See Al–Harbi v. INS, 242 F.3d 882, 887–88 (9th Cir.2001).

■ The IJ found that Omer's testimony regarding his past detention and torture by the government on account of his membership in the All Amhara People's Organization was "unsupported and seems to be inconsistent with the information provided by the State Department ... report," raising a "serious issue of credibility." This court has, however, consistently rejected exclusive reliance on State Department reports as the basis for adverse credibility determinations. See Shah v. INS, 220 F.3d 1062, 1068 (9th Cir.2000) (finding that "relying exclusively on a blanket statement in a State Department report, the BIA and the IJ fail[ ] to make the individualized analysis of an applicant's credibility that our case law mandates."). The passages relied upon by the IJ in the State Department report were general, and "fail[ed] to identify specific, perhaps local, dangers to particular, perhaps obscure, individuals." Id. at 1069 (quoting Galina v. INS, 213 F.3d 955, 959 (7th Cir.2000)) (internal quotations marks omitted). Moreover, review of the record reveals that the State Department report itself noted, in conformity with Omer's testimony, that "the governmental reality, especially at the local and regional level, does not always live up to the [central government's] announced respect for human rights. Local administrators and members of the security forces committed human rights abuses, such as beating or mistreating detainees, and arresting citizens without court orders." Because the IJ's reliance on the State Department report was neither supplemental, nor for the purpose of "refuting a generalized statement," but rather was intended to discount "specific testimony regarding [Omer's] individual experience," Chebchoub v. INS, 257 F.3d 1038, 1044 (9th Cir.2001), we hold that the adverse credibility determination is not based on specific, cogent reasons supported by the record. The individual assessment letter, as the IJ's decision acknowledges, merely reiterates general conditions and contains no specific information regarding the applicant. Thus it in no way affects our holding here.

■ The IJ also explained that he "carefully observed" Omer as he testified and concluded that he was not telling the truth. The IJ's observation was general, however, and he did not "specifically and cogently refer to any aspect of [Omer's] demeanor" to support his negative credibility determination. Arulampalam v. Ashcroft, 353 F.3d 679, 686 (9th Cir.2003).

For the foregoing reasons, we GRANT the petition and REVERSE the IJ's adverse credibility determination. Because, after making the adverse credibility finding, the IJ did not reach the merits of Omer's claims, we REMAND for the IJ to consider Omer's application in the first instance, taking Omer's testimony as credible. See INS v. Ventura, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.